D. Maimon Kirschenbaum (DK 2448)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs and the FLSA Collective Plaintiffs*

JUDGE SCHEINDLIN

10 CV 6468

RECEIVED AUG 31 2010 U.S.D.C. S.D.N.Y. CASHIERS

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

**NATALIE JACOB, AARON BLANKFIELD, MICHAEL MARGIOTTA, EMILY GRECZEL and BRITAWNEE ENOS, on behalf of themselves and other similarly situated,**

**Plaintiffs,**

v.

**PRANA HOSPITALITY, INC. and RAJIV SHARMA**

**Defendants.**

-----------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

1.  Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

## JURISDICTION AND VENUE

2.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. All Defendants are hereinafter collectively referred to as "Defendants."

5. Defendant Prana Hospitality, Inc. is a corporation operating Pranna restaurant in New York, New York.

6. Upon information and belief, Prana Hospitality, Inc. has an annual gross volume of sales in excess of $500,000.

7. Defendant Rajiv Sharma is an owner and operator of Pranna. Upon information and belief, Defendant Sharma exercises sufficient control of Pranna's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA and New York Labor Law.

8. Plaintiffs were all employed by Defendants in various service positions at Pranna restaurant within the relevant limitations periods.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants in any tipped position on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

10. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and

common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required one and one half times their regular rates for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

11. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

12. Plaintiffs bring the Second and Third Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non exempt persons employed by Defendants at in any tipped position on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

13. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related

to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

14. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

15. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

16. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

17. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously

prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

18.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not

named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

19. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law.

    b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay the Class members for their work.

    c) Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

    d) Whether Defendants' properly paid Plaintiffs and the Class Members New York's spread of hours premium.

## FACTS

20. Plaintiffs' consent to sue forms are attached hereto as Exhibit A.

21. Defendants committed the following alleged acts knowingly, intentionally and willfully.

22. Defendants knew that nonpayment of minimum wage, nonpayment of overtime, and improperly forcing and/or the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class to share their tips with Defendants' agents would economically injure Plaintiffs and violated federal and state laws.

23. For private events, Defendants charged the hosts gratuities equal to a percentage of the cost of the events.

6

24. While Defendants distributed a portion of these gratuities to the service staff that worked these parties, Defendants did not distribute all of the gratuities. Thus, Defendants illegally retained and/or misappropriated substantial portions of the gratuities paid by private event hosts, instead of distributing them in their entirety to service staff.

25. Defendants also deducted money from Plaintiffs' gratuities to cover the expenses of lost vouchers, wrong food/drink orders, and the like.

26. Plaintiffs frequently worked in excess of forty hours per workweek. Defendants did not compensate Plaintiffs at one and a half times their regular hourly rate for overtime hours worked, in violation of the FLSA.

27. Specifically, Plaintiffs earned both guaranteed hourly rates and portions of the mandatory gratuities paid by the hosts of the events at which Plaintiffs worked. Each Plaintiff's regular hourly rate for a given week should be determined by calculating all of the wages the Plaintiff earned that week, *i.e.,* both the guaranteed hourly wage and the mandatory gratuities received, and dividing the total pay by the total hours worked by the Plaintiff during that week. Each Plaintiff's correct overtime rate would be one and one half times his or her regular rate.

28. Defendant's illegally failed to include in Plaintiffs' regular rates the mandatory gratuities distributed to the Plaintiffs. Thus, for overtime hours, Defendants compensated Plaintiffs at a rate of one and one half times their guaranteed hourly rates, without including the mandatory gratuities received by Plaintiffs.

29. Plaintiffs' and Class Members' workdays often lasted longer than 10 hours. Defendants did not compensate Plaintiffs or the Class Members New York's

"spread of hours" premium equal to one hour's pay at the minimum wage for each such workday.

30. Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

### FIRST CLAIM FOR RELIEF
### (FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.* Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)

31. Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

32. Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

33. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs one and one half times their regular rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

34. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rates, one and one half times their regular rates, for hours worked in excess of forty (40) hours per workweek.

35. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated

(double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
(Illegal Pay Deductions and Deductions from Gratuities,
N.Y. Lab. L. § § 193, 196-d
Brought by Plaintiffs on Behalf of
Themselves and the Class)

36. Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

37. Defendants received gratuities from the customers for all private banquets.

38. Defendants made illegal deductions from Plaintiffs' and Class members' gratuities and/or wages.

39. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs and the Class members are entitled to recover their respective withheld gratuities, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(New York Spread of Hours Provisions,
N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. & Regs. tit. 12, § 137-1.7
Brought by Plaintiffs on Behalf of
Themselves and the Class)

40. Plaintiffs, on behalf of themselves and members of the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

41. The length of Plaintiffs' and the Class Members' workdays regularly exceeded 10 hours.

42. In violation of New York law, Defendants willfully failed and intentionally failed to compensate Plaintiffs and/or Class Members one hour's pay at the basic New York minimum hourly wage rate when their workdays lasted more than 10 hours.

43. As a result of Defendants' willful violations of the N.Y. Lab. Law, Plaintiffs and the Class members are entitled to recover their respective unpaid compensation, liquidated damages as provided for by the New York Labor Law, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-Judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
August 31, 2010

Respectfully submitted,

JOSEPH, HERZFELD, HESTER & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum

Charles E. Joseph
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorney for Plaintiffs, proposed collective action members and proposed class*

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# EXHIBIT A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

      I am an employee currently or formerly employed by **PRANA HOSPITALITY INC., RAJIV SHARMA,** and related entities and/or individuals and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Aaron Blankfield
Full Legal Name (Print)

*[signature]*
Signature

8/23/10
Date

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

     I am an employee currently or formerly employed by **PRANA HOSPITALITY INC., RAJIV SHARMA,** and related entities and/or individuals and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

NATALIE JACOB
Full Legal Name (Print)

*[signature]*
Signature

8/23/10
Date

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

      I am an employee currently or formerly employed by **PRANA HOSPITALITY INC., RAJIV SHARMA,** and related entities and/or individuals and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Brittawnee Enos
_____
Full Legal Name (Print)

*[signature]*
_____
Signature

8/23/10
_____
Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

      I am an employee currently or formerly employed by **PRANA HOSPITALITY INC., RAJIV SHARMA,** and related entities and/or individuals and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Emily M. Greczel (Grau)
_____
Full Legal Name (Print)

_[signature]_
_____
Signature

8/23/10
_____
Date

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **PRANA HOSPITALITY INC., RAJIV SHARMA,** and related entities and/or individuals and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

MICHAEL MARGIOTTA
Full Legal Name (Print)

*[signature]*
Signature

8/23/10 (MON)
Date